UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

UNITED STATES OF AMERICA,

|  | **SECOND AMENDED VERIFIED PETITION OF ELEANOR DAUGERDAS, PMD INVESTMENTS LLC AND WBLG WALWORTH LLC FOR DETERMINATION OF THIRD PARTY INTEREST IN PROPERTY SUBJECT TO FORFEITURE** |
|---|---|

**S6 09 CR 581 (WHP)**

v.

PAUL M. DAUGERDAS,

Defendant.

------------------------------------------------------------------------X

ELEANOR DAUGERDAS,

PMD INVESTMENTS LLC, and

WBLG WALWORTH LLC,

Petitioners.

------------------------------------------------------------------------X

**ELEANOR DAUGERDAS, PMD INVESTMENTS LLC and WBLG WALWORTH LLC**, by and through their counsel, Law Office of James R. DeVita, PLLC, pursuant to 21 U.S.C. § 853(n) and Rule 32.2(c) of the Federal Rules of Criminal Procedure, hereby petition this Court for a determination of Petitioners' interests in property subject to the Court's Preliminary Order of Forfeiture as To Specific Property/Money Judgment entered on June 26, 2014, as amended on August 6, 2018, and as further amended on October 24, 2018 (the "Forfeiture Orders"), and to amend the Forfeiture Orders to exclude all property identified in the Forfeiture Orders in which Petitioners have right, title, and interest.

1

1.      Petitioner Eleanor Daugerdas is the wife of defendant Paul M. Daugerdas.

2.      Petitioner PMD Investments LLC is a Delaware limited liability company.  Ms. Daugerdas owns 100% of the membership interests in PMD Investments LLC.

3.      Petitioner WBLG Walworth LLC is a Wisconsin limited liability company.  Ms. Daugerdas owns 100% of the membership interests in WBLG.

4.      Petitioners assert their right, title, and interest in the following property ordered forfeited to the United States in the Forfeiture Orders:

   a.      Any and all securities, United States currency, funds, or other monetary instruments on deposit at Fidelity, Account Number X03-375152, held in the name of PMD Investments LLC;

   b.      Any and all securities, United States currency, funds, or other monetary instruments on deposit at Smith Barney, Account Numbers 559-153904 and 559-173459, formerly Account Numbers 383-25091-15 and 383-47731-15, held in the name of PMD Investments LLC;

   c.      Any and all securities, United States currency, funds, or other monetary instruments on deposit at Morgan Stanley, Account Number 844-354504, formerly Account Number 06-78C3Z, held in the name of PMD Investments LLC;

   d.      Any and all securities, United States currency, funds, or other monetary instruments on deposit at Credit Suisse, Account Number 24N-018007, held in the name of PMD Investments LLC;

   e.      Any and all securities, United States currency, funds, or other monetary instruments on deposit at Deutsche Bank, Account Numbers 5XR-087746, 5XR- 122063 and 5XR-104715, held in the name of PMD Investments LLC;

2

f.      Any and all securities, United States currency, funds, or other monetary instruments on deposit at Fidelity, Account Number Z46-623261, held in the name of Eleanor Spina Daugerdas TRUST U/A 05/23/85 (formerly held in Account Number 03-315540 in the name of Eleanor Spina Daugerdas at Fidelity);

g.      Any and all securities, United States currency, funds, or other monetary instruments on deposit at Goldman Sachs & Co., Account Number 4XDG, held in the name of Eleanor L. Daugerdas;

h.      Any and all securities, United States currency, funds, or other monetary instruments on deposit at North Shore Community Bank & Trust Company, Account Number 0317008390, held in the name of Eleanor L. Daugerdas; and

i.      Any and all securities, United States currency, funds, or other monetary instruments on deposit at Fifth Third Bank, Account Number 7233463814, held in the name of Eleanor Spina Daugerdas Trust;

(Collectively, the "Subject Accounts") and;

j.      All that lot or parcel of land, together with its buildings, appurtenances and improvements, fixtures, attachments and easements, located at 619 Cedar Point Drive, Williams Bay, Wisconsin, 53191, more particularly described as a single-family home owned by PAUL DAUGERDAS and/or family members, either directly or indirectly, with the legal description of "Lots 14 and 15 in Cedar Point Subdivision, in Sections 5 and 6, Township 1 North, Range 17 East, in the Village of Williams Bay, according to the recorded plot thereof in the Office of the Registrar of Deeds for Walworth County, Wisconsin" ("Williams Bay Property").

The PMD Investments LLC Accounts

3

5.      Eleanor Daugerdas is the sole owner of PMD Investments LLC by virtue of an assignment from defendant Paul M. Daugerdas executed on or about December 31, 2002.

6.      Petitioner PMD Investments LLC is the sole owner of any and all securities, United States currency, funds, or other monetary instruments on deposit at Fidelity, Account Number X03-375152, held in the name of PMD Investments LLC. Upon information and belief, on or about February 8, 2001, approximately $6,179,960 in securities was deposited into Fidelity Investments Account Number X03-375152, held in the name of PMD Investments LLC.

7.      Petitioner PMD Investments LLC is the sole owner of any and all securities, United States currency, funds, or other monetary instruments on deposit at Smith Barney, Account Numbers 383-25091-15 and 383-47731-15, held in the name of PMD Investments LLC. Upon information and belief, on or about April 4, 2000 and January 5, 2001, approximately $1,000,000 and $4,000,000, respectively, was deposited into Smith Barney Account Number 383-25091-15, held in the name of PMD Investments LLC. Upon information and belief, on or about January 12, 2001, January 16, 2001, and January 18, 2001, approximately $500,000, $2,500,000, and $255,500 respectively, was transferred from Smith Barney Account Number 383-25091-15, held in the name of PMD Investment s LLC, to Smith Barney Account Number 383-47731-15, held in the name of PMD Investments LLC.

8.      Petitioner PMD Investments LLC is the sole owner of any and all securities, United States currency, funds, or other monetary instruments on deposit at Morgan Stanley, Account Number 844-354504, formerly Account Number 06-78C3Z, held in the name of PMD Investments LLC. Upon information and belief, on or about February 6, 2001 and November 7, 2001, approximately $2,000,000 and $2,000,000, respectively, was deposited into Morgan Stanley Account Number 06-78C3Z, held in the name of PMD Investments LLC. Upon information and belief, on or about September 7, 2001, securities holdings with a value of approximately $1,671,055 were withdrawn from Morgan Stanley Account Number 06-78C3Z, held in the name of PMD Investments LLC.

4

9.  Petitioner PMD Investments LLC is the sole owner of any and all securities, United States currency, funds, or other monetary instruments on deposit at Credit Suisse, Account Number 24N-018007, held in the name of PMD Investments LLC. Upon information and belief, on or about September 7, 2001, securities holdings with a value of approximately $1,671,055 were deposited into Credit Suisse Account Number 24N- 018007, held in the name of PMD Investments LLC.

10.  Petitioner PMD Investments LLC is the sole owner of any and all securities, United States currency, funds, or other monetary instruments on deposit at Deutsche Bank, Account Numbers 5XR-087746, 5XR-122063 and 5XR-104715, held in the name of PMD Investments LLC. Upon information and belief, on or about February 10, 2003, security holdings worth approximately $601,931 were deposited into Deutsche Bank Account Number 5XR-087746, held in the name of PMD Investments LLC. Upon information and belief, on or about February 10, 2003, securities holdings with an approximate value of $325,461 were deposited into Deutsche Bank Account Number 5X R- 104715, held in the name of PMD Investments LLC. Upon information and belief, on or about February 10, 2003, securities holdings with an approximate value of $2,900,000, were deposited into Deutsche Bank Account Number 5XR-122063, held in the name of PMD Investments LLC. Upon information and belief, subsequently, approximately $2,300,000 was withdrawn from Deutsche Bank Account Number 5XR-122063.

## Additional Accounts Owned by Petitioner Eleanor Daugerdas

11.  Petitioner Eleanor Daugerdas is the Trustee of the Eleanor Spina Daugerdas TRUST U/A 05/23/85 and the owner of any and all securities, United States currency, funds, or other monetary instruments on deposit at Fidelity, Account Number Z46-623261, held in the name of Eleanor Spina Daugerdas Trust U/A 05/23/85 (formerly held in Account Number 03-315540 in the name of Eleanor Spina Daugerdas at Fidelity). Upon information and belief, on or about February 3, 2000, November 7, 2000, and January 5, 2001, approximately $2,000,000, $1,000,000, and

$2,000,000, respectively, was deposited into Fidelity Investment Account Number X03-315540, held in the name of Eleanor Spina Daugerdas. Upon information and belief, on or about February 19, 2009, approximately $4,869,371 in securities was deposited into Fidelity Investments Account Number Z46-6223261, held in the name of Eleanor Spina Daugerdas Trust U/A 05/23/85.

12.    Petitioner Eleanor Daugerdas is the sole owner of any and all securities, United States currency, funds, or other monetary instruments on deposit at Goldman Sachs & Co. Account Number 4XDG, held in the name of Eleanor L. Daugerdas. Upon information and belief, on or about May 16, 2008 approximately $1,000,000 from Deutsche Bank Account Number 5XR-122063, held in the name of PMD Investments LLC, was transferred to Goldman Sachs Account Number 4XDG, held in the name of Eleanor L. Daugerdas.

13.    Petitioner Eleanor Daugerdas is the sole owner of any and all securities, United States currency, funds, or other monetary instruments on deposit at North Shore Community Bank & Trust Company, Account Number 0317008390, held in the name of Eleanor L. Daugerdas. Upon information and belief, on or about July 3, 2009, approximately $250,000 was deposited into North Shore Community Bank & Trust Company Account Number 0317008390, held in the name of Eleanor L. Daugerdas. Upon information and belief, these funds were transferred from Fifth Third Bank Account Number 7233463814, held in the name of Eleanor Spina Daugerdas Trust.

14.    Petitioner Eleanor Daugerdas is the Trustee of the Eleanor Spina Daugerdas Trust and owner of any and all securities, United States currency, funds, or other monetary instruments on deposit at Fifth Third Bank, Account Number 7233463814, held in the name of Eleanor Spina Daugerdas Trust. Upon information and belief, on or about June 22, 2009, approximately $45,000 was transferred into Fifth Third Bank Account Number 7233463814 , held in the name of Eleanor Spina Daugerdas Trust, from Fifth Third Bank Account Number 7233463822, held in the name of

6

Paul M. Daugerdas By Eleanor Spina Daugerdas. Upon information and belief, additional deposits were made into Fifth Third Bank Account Number 7233463814 as follows: June 22, 2009, approximately $100,000; June 22, 2009, approximately $85,000; June 19, 2009, approximately $670,000; March 17, 2009, approximately $150,000; September 26, 2008, approximately $90,000; and September 11, 2008, approximately $10,000. Upon information and belief, these funds were transferred from Fifth Third Bank Account Number 7232734991, held in the name of Paul M. Daugerdas and Eleanor Daugerdas. Upon information and belief, on or about July 3, 2009, approximately $250,000 was transferred into North Shore Community Bank & Trust Company Account Number 0317008390, held in the name of Eleanor L. Daugerdas. Upon information and belief, subsequently, on or about July 8, 2009, approximately $100,000 was transferred from the account.

The Williams Bay Property

15.    Eleanor Daugerdas is the sole owner of WBLG Walworth, LLC by virtue of an assignment from defendant Paul M. Daugerdas executed in or about August 2002.

16.    WBLG Walworth, LLC is the sole owner of the Williams Bay Property. It acquired the Williams Bay Property on or about April 18, 2000 for approximately $3,500,000.

Basis for Petitioners' Claims to the Subject Accounts and the Williams Bay Property

17.    The procedures relating to the criminal forfeiture proceedings in this case are governed by 21 U.S.C. § 853 and Federal Rule of Criminal Procedure 32.2. There are only two bases upon which the government may criminally forfeit property: (1) as "offense property" meaning property which has a "nexus" to the crime for which the defendant was convicted; or (2) as "substitute property" meaning "any other property of the defendant." See 21 U.S.C. § 853(a); 21 U.S.C. § 853(p); Fed. R. Crim. P. 32.2(b)(l)(A); see also 18 U.S.C. § 98l(a) and 28 U.S.C. § 246l(c).

18.    At all relevant times, defendant Paul Daugerdas was an attorney and certified public accountant whose practice consisted of providing tax advice and services to clients.  From on or about January 1, 1999 until in or about April 2004, Paul Daugerdas was a shareholder of the Chicago, Illinois affiliate of the Dallas, Texas headquartered law firm of Jenkins & Gilchrist, a Professional Corporation ("J&G").  The Chicago affiliate was Jenkins & Gilchrist, an Illinois Professional Corporation ("J&G Illinois").

19.    On information and belief, during the time that Paul Daugerdas was a shareholder of J&G Illinois, the fees for the services he provided to clients were deposited into a bank account in the name of J&G Illinois maintained at the Bank of America in Dallas, Texas (the "J&G Illinois Account") and controlled by the administrative and financial personnel of the J&G management. In addition, on information and belief, the fees for the services of the numerous other attorneys who were employed by J&G Illinois were also deposited to the J&G Illinois account.  Those services included litigation, corporate and intellectual property representation that had no relation to any of the work of Paul Daugerdas.  On information and belief, the funds representing the fees for all of the services of the J&G Illinois lawyers – the tax services relating to Paul Daugerdas' clients as well as the services of the many other attorneys at J&G Illinois – were comingled in the J&G Illinois account.

20.    On information and belief, because of the tax oriented nature of the services provided to clients by Paul Daugerdas, and the April 15 deadline for the filing of individual Federal income tax returns, a significant amount of the fees attributable to those services were paid and deposited into the J&G Illinois account in the first half of the year.  Because the latest date to which the filing of individual Federal income tax returns could be extended was October 15, on information and belief the fees relating to the services of Paul Daugerdas were substantially all received by that time.  On the other hand, as is common in the legal services industry, on information and belief a substantial portion of the non-tax fees received by J&G Illinois, as well as the legal fee receipts of

8

J&G from its Dallas headquarters and many other offices, were collected significantly later in the year than the fees attributable to the services of Paul Daugerdas.

21.    As a result of the time differential between the collection of fees attributable to the services of Paul Daugerdas as compared to the many other attorneys generating fee income for J&G, on information and belief it was the regular practice of J&G to draw on the funds from the J&G Illinois account to finance the operations of its many other offices throughout the year, including payment of rent and salaries for the firm as a whole.  Thus, on information and belief, throughout the year the funds attributable to the fees generated by Paul Daugerdas' tax related services were withdrawn from the J&G Illinois account and used to cover the J&G operating expenses, and the balances in the J&G Illinois account were significantly reduced.  On information and belief, at the end of the year the funds withdrawn from the J&G Illinois Account were replaced with funds from the general receipts of J&G, representing fees generated by the many other offices and lawyers of J&G, unrelated to the services provided by Paul Daugerdas.  In this way, the funds attributable to the tax services of Paul Daugerdas were commingled with the other receipts of J&G to such an extent that they cannot be divided without difficulty.  *See* 21 U.S.C. § 853(p)(1)(E). Given the sheer volume and duration of those numerous transactions involving commingling of the funds before they were transferred by J&G to Paul Daugerdas as compensation, the funds constitute substitute property that can be subject to forfeiture only under 21 U.S.C. § 853(p)(1)(E).  *See United States v. Rothstein, Rosenfeldt, Adler, P.A.*, 717 F.3d 1205, 1213-14 (11th Cir. 2013).

22.    On information and belief, at the end of the years in question, J&G transferred significant sums of those commingled funds from the J&G Illinois account to an account maintained by Paul Daugerdas at J.P. Morgan Chase & Co. as the balance of his compensation due from J&G for the relevant year.  On information and belief, Paul Daugerdas in turn invested some of those commingled funds in the Subject Accounts and the Williams Bay Property for the benefit of his

wife, Eleanor Daugerdas. All of the commingled funds from the J&G Illinois Account had been invested in the Subject Accounts and Williams Bay Property prior to any event that could arguably have vested title in the government under the theory that they were substitute assets subject to forfeiture pursuant to 21 U.S.C. § 853(p). Thus, the right, title and interest to the Subject Accounts and Williams Bay Property had vested in petitioners prior to the filing of any indictment containing a forfeiture count relating to any of those assets. *See United States v. Peterson*, 820 F. Supp.2d 576, 585 (S.D.N.Y. 2011).

23.    The first forfeiture count relating to any of the Subject Accounts was filed on June 23, 2009. *See* Superseding Indictment, Docket Item 14. This forfeiture count identified only the United States currency, funds, or other monetary funds on deposit in the following accounts:

a.    Fidelity Account Number 03-375152, held in the name of PMD Investments LLC;

b.    Morgan Stanley Account Number 06-78C3Z, held in the name of PMD Investments LLC;

c.    Deutsche Bank Account Number 5XR-122063, held m the name of PMD Investments LLC;

d.    Fidelity Account Number Z46-6223261, held in the name of Eleanor Spina Daugerdas Trust U/A 05/23/85; and

e.    Fidelity Account Number 03-315540 in the name of Eleanor Daugerdas.

All of the Subject Accounts, including certain additional accounts, were identified in the forfeiture count included in the Second Superseding Indictment, which was filed on November 19, 2009. *See* Docket Item 56. Petitioners acquired their right, title, and interest in the Subject Accounts prior to the relevant forfeiture counts. Thus, their right, title, and interest in the property predates and is superior to the government's interest.

10

24.     At all relevant times, Petitioners held title to the Subject Accounts and the Williams Bay Property.  Because Petitioners' right, title, and interest in the Subject Accounts vested before the government's interest, these assets are not subject to forfeiture as "substitute assets" of defendant Paul M. Daugerdas.

25.     Petitioners, as the named account holders, have right, title, and interest in the Subject Accounts.

26.     The Forfeiture Orders should be amended to exclude Petitioners' right, title, and interest in the Subject Accounts.

WHEREFORE, Eleanor Daugerdas, PMD Investments LLC and WBLG Walworth LLC respectfully request that the Subject Accounts and the Williams Bay Property be excluded from the Forfeiture Orders and this petition be granted in its entirety, together with such other and further relief as this Court deems equitable and proper.

Dated: White Plains, New York
        December 6, 2018

Respectfully submitted,


/s/ James R. DeVita
By: James R. DeVita (JD 5659)

LAW OFFICES OF JAMES R. DEVITA, PLLC
81 Main Street, Suite 504
White Plains, NY 10601
Phone: (914) 328-5000
Email: jdevita@jamesrdevitalaw.com

*Attorney for Petitioners Eleanor Daugerdas, PMD Investments LLC and WBLG Walworth LLC*

VERIFICATION

ELEANOR DAUGERDAS, in my individual capacity and as the sole member of PMD Investments and WBLG Walworth LLC, declares under penalties of perjury pursuant to 28 U.S.C. § 1746:

I have read the foregoing Second Amended Verified Petition and know the contents thereof, and the same is true to my own knowledge, except as to matters alleged upon information and belief, which I believe to be true.

Dated: December 6, 2018
Wilmette, IL.

_____
ELEANOR DAUGERDAS